IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHGO, Michigan Gambling Opposition** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NORTON, et al.,** )<br>)<br>**Defendants.** )<br>_____ )<br>)<br>**MATCH-E-BE-NASH-SHE-WISH** )<br>**BAND OF POTTAWATOMI INDIANS,** )<br>)<br>**Proposed Intervenor-Defendant.** )<br>_____ ) | Case No. 1:05-cv-01181-JGP<br>Judge John G. Penn |

### UNITED STATES' RESPONSE TO THE MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS' MOTION TO INTERVENE

Defendants (the "United States") respectfully files this response to the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians' ("Band's") Motion to Intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) or, alternatively, by permission pursuant to Fed. R. Civ. P. 24(b). The Band does not meet the criteria for intervention as a matter of right, but should be granted permissive intervention.

Plaintiff brings this action under the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.* ("APA"). Plaintiff challenges: 1) the Secretary of the Interior's decision to accept a 147-acre parcel of land in Allegan County, Michigan (the "Bradley Tract") into trust on behalf of the Band; 2) the Secretary's decision to issue a Finding of No Significant Impact ("FONSI") pursuant to the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, ("NEPA"); and 3)

the Secretary's determination that the Bradley Tract qualifies as an "initial reservation" under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.* ("IGRA"). Plaintiff also challenges the constitutionality of the Indian Reorganization Act, 25 U.S.C. § 461-79 ("IRA"). Thus, this case fundamentally concerns the United States' defense of federal agency action under federal law and of legislation duly enacted by the United States Congress.

While the Band plainly has claims and defenses that are in common with the main action, its interest is closely aligned with that of the United States. The law is clear that intervention as a defendant on the Federal government's side as a matter of right is inappropriate in challenges to final agency action under the APA or to the constitutionality of federal law, particularly when the United States adequately represents the proposed intervenor's interests in defending the claims. Accordingly, the Band should be granted permissive intervention, but denied intervention as a matter of right.

## II.   ARGUMENT

A.   <u>The Band Meets the Requirements for Permissive Intervention</u>

Pursuant to Fed. R. Civ. P. 24(b), permissive intervention is appropriate when "an applicant's claim or defense and the main action have a question of law or fact in common." As the Band's Statement of Points and Authorities sets forth, the Band asserts claims and defenses that relate directly to a decision concerning the acquisition into trust of the Bradley Tract. The Band will, if the land is taken into trust, gain a beneficial interest in the parcel, exercise governmental jurisdiction over it, generate revenues from the gaming operation in order to support tribal governmental operations, fund the restoration of its land base, and generate economic opportunities for its members. *See* Band's Statement at 9, 11, 13-15. The Band and its

consultants were involved intimately in the preparation of the application to the Secretary for the acquisition of the Bradley Tract and participated, at the direction and under the supervision of the Bureau of Indian Affairs, in the preparation of the associated environmental documents. *See* id. at 9, 11, 15.

Permissive intervention is also appropriate because the Band's participation will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(a). The Band has every incentive to ensure litigation of this case is expeditious. *See e.g.*, Band's Statement at 9, 12, 14. Moreover, the Band's participation in this litigation will not prejudice any other party. The Complaint was filed less than two months ago and the administrative record has yet to be certified and filed.

B.  Intervention as of Right is Inappropriate in a Challenge Pursuant to the APA and NEPA, Particularly when the United States Adequately Represents the Proposed Intervenor's Interests

An entity must satisfy four requirements in order to intervene as a matter of right pursuant to Rule 24(a)(2): "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." S.E.C. v. Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998). The Band does not satisfy all of the criteria.

As a general rule, a third party cannot intervene as of right as a defendant in an action to compel federal agency compliance pursuant to the APA and NEPA, because only the United States is in a position to be compelled to comply. *See* Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002) (environmental organization cannot intervene as of right under

3

Rule 24(a) as defendant in NEPA compliance action because only the Federal government can be compelled to comply with the Act). The Band, therefore, under the second prong of the test, does not have a legally protected right to defend this action.

Moreover, the Band cannot satisfy the fourth prong of the test because its interests in defending the agency decision are adequately represented by an existing party, the United States. The United States is defending the challenged agency decision and the constitutionality of federal law, and in so doing, is adequately representing the Band's interest in having the agency decision upheld. *Cf.* Southwest Center for Biological Diversity v. Babbitt, 150 F.3d 1152, 1154 (9th Cir. 1998) (United States adequately represents absent Indian community where government and community share "strong interest in defeating" a challenge to agency action). The burden rests with the Band to show otherwise. *See* Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986) ("The original burden of showing inadequate representation rests on the applicant for intervention.").[1]

The adequacy of representation analysis under Fed. R. Civ. P. 24(a) parallels that under

---

[1] Whether the United States decides to take land into trust pending judicial review is a matter wholly within the discretion of the Federal government, and is not before this Court. *See* Band's Statement at 16-18. The Band, therefore, may not premise its interest in intervention on this issue. Moreover, a potential difference between the United States and the Band on whether to take the land into trust prior to judicial review does not constitute evidence that the United States will not adequately represent the Band in defending the Secretary's decision. *See* Southwest Center for Biological Diversity v. Babbitt, 150 F.3d 1152 (9th Cir. 1998) (rejecting the argument that the interests of the United States and the Community were not aligned merely because the United States did not support the Community's motion to dismiss under Fed. R. Civ. P. 19); *see also* Jones v. Prince George's County, Maryland, 348 F.3d 1014, 1020 (D.C. Cir. 2003) ("A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit.") (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1909, at 344 (2d ed. 1986)).

Fed. R. Civ. P. 19.  *See* Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir. 1992) ("In assessing an absent party's necessity under Fed. R. Civ. P. 19(a), the question whether that party is adequately represented parallels the question whether a party's interests are so inadequately represented by existing parties as to permit intervention as of right under Fed. R. Civ. P. 24(a)"). *See also* Fed. R. Civ. P. 24, Advisory Committee Notes, 1966 Amendment ("Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(i) on joinder of persons needed for a just adjudication").

In this case, the Band's interests are adequately represented, both under a Rule 19 and Rule 24 analysis.  As the D.C. Circuit has noted, in the context of Rule 19, "the United States may adequately represent [a tribe's] interest as long as no conflict exists between the United States and the [tribe]."  Ramah Navajo Sch. Bd. v. Babbitt, 87 F.3d 1338, 1351 (D.C. Cir. 1996). No such conflict is presented by the merits of this case.  Indeed, because the agency action being challenged is premised on the Federal government's trust relationship to the Band, the likelihood that the United States will adequately represent the Band's interests is even stronger.  *See* Washington v. Daley, 173 F.3d 1158, 1167-1168 (9th Cir. 1999) (concluding Indian tribes not necessary parties to actions filed by State against Secretary of Commerce challenging regulation allocating tribes' groundfish catches as Secretary and tribes had virtually identical interests and Secretary's trust responsibility to tribes "obligates the Secretary to protect the Tribes' interests in this matter.").

In suits involving a challenge to the Secretary of the Interior's determination to accept land into trust on behalf of a tribe, or to qualify land as eligible for gaming under section 20 of IGRA, courts have found that the interest of the Secretary in "defending his determinations is

'virtually identical' to the interests of the [beneficiary tribe]." Sac and Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1259 (10th Cir. 2001) (citation omitted); *see* Kansas v. United States, 249 F.3d 1213, 1226-27 (10th Cir. 2001) (tribe not indispensable party in challenge to Interior's decision that tribe's parcel qualified for gaming under section 20 of IGRA because the United States' interests were "substantially similar, if not identical," to tribe's interests in upholding the decision); *see also* TOMAC v. Norton, No. 1:01-cv-00398-JR (D.D.C. June 10, 2005) (order amending the granting of tribe's intervention as a matter of right to granting permissive intervention in case involving challenge to Secretary's decision to acquire land in trust for gaming purposes).

As the District Court of Connecticut found in a similar challenge to a Secretarial determination to take land into trust for a tribe:

> If a case raises issues in which the United States may adequately represent and protect the Indian tribe involved, then the Indian tribe is not an indispensable party to the action under Rule 19 * * * the plaintiffs challenge an administrative action taken by the Secretary * * * Full resolution of the issues presented in this case will require this Court to decide whether the Secretary acted in accordance with law in deciding to accept the property into trust. The Court finds that the Secretary, as Trustee and guardian of the Mashantucket Tribe, will adequately represent the interest of the Mashantucket Tribe.

State of Connecticut ex rel. Blumenthal v. Babbitt, 899 F.Supp. 80, 83 (D. Conn. 1995) (citations omitted). Because the United States' interests in upholding the Secretary's decisions in this case are virtually identical to the Band's interests, intervention as of right is inappropriate and should be denied. However, the Band should be permitted permissive intervention, since its claims and defenses have a common question of law and fact with this action.

6

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the Band's motion for permissive intervention under Fed. R. Civ. P. 24(b) and deny intervention as a matter of right under Fed. R. Civ. P. 24(a).

Dated: August 5, 2005                               Respectfully submitted,

PATRICIA MILLER
D.C. Bar No. 462054
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, D.C. 20026-4378
(202) 305-1117

<u>OF COUNSEL</u>:
MARIA WISEMAN
United States Department of the Interior
Office of the Solicitor
Washington, DC