IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHGO, Michigan Gambling Opposition** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **NORTON, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____) <br> ) <br> **MATCH-E-BE-NASH-SHE-WISH** ) <br> **BAND OF POTTAWATOMI INDIANS,** ) <br> ) <br> **Proposed Intervenor-Defendant.** ) <br> _____) | Case No. 1:05-cv-01181-JGP <br> Judge John G. Penn |

**PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE**

Plaintiff, Michigan Gambling Opposition ("MichGO"), has asserted four claims against officials of the Department of Interior arising out of the Department's announced intention to take land into trust for the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians (the "Tribe"), and to permit the Tribe to operate a gambling casino on the property. MichGo has not asserted any direct claim against the Tribe. The claims, as framed by MichGO's complaint, are entirely between MichGo and the federal government. Because the government is fully capable of defending its own interests, and because MichGO has asserted no claims directly against the Tribe, MichGO does not believe the Tribe is entitled to intervention as of right under Fed. R. Civ. P. 24(a).

If the Tribe wishes to invoke permissive intervention under Fed. R. Civ. P. 24(b), and to participate as a full party in the case on that basis, then the Tribe should voluntarily agree to waive its sovereign immunity so that it will be – like any other party in the case – subject to any

appropriate discovery and claims asserted by other parties. The Tribe has asserted its sovereign immunity in prior litigation to defeat a contract claim. *See Sungold Gaming USA, Inc. v. United Nation of Chippewa, Ottawa & Pottawatomi Indians of Michigan, Inc.*, No. 226524, 2002 WL 522886 (Mich. App. April 5, 2002) (unpublished). Permitting the Tribe the benefit of intervention as a party in this lawsuit without requiring it simultaneously to submit to the burdens of party status gives the Tribe an unfair advantage. Unless and until the Tribe is willing to waive its sovereign immunity for purposes of this case as a condition to participating as a party, this Court should exercise its discretion under Rule 24(b) to deny permissive intervention. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 351, n.4 (1983) ("[P]ermissive intervention under Fed. Rule Civ. Proc. 24(b) may be denied in the discretion of the District Court.").

MichGo asked the Tribe (though counsel) to waive its sovereign immunity for purposes of this lawsuit as a condition to permissive intervention, but the Tribe has refused to do so. Accordingly, unless and until the Tribe agrees to waive its sovereign immunity for purposes of this lawsuit, MichGO opposes the Tribe's intervention as a party. The Tribe should not be entitled to the benefits of party status without the burdens of party status. MichGo does not oppose the Tribe's participation as a non-party amicus.

Dated: August 8, 2005                                              Respectfully submitted,

                                                                 */s/ Rebecca A. Womeldorf*
                                                                  Rebecca A. Womeldorf (452034)
                                                                  SPRIGGS & HOLLINGSWORTH
                                                                  Attorneys for Plaintiff
                                                                  1350 I Street, NW Suite 900
                                                                  Washington, District of Columbia 20005
                                                                  Telephone: (202) 898-5800
                                                                  Facsimile: (202) 682-1639

Of Counsel to Plaintiff:

William C. Fulkerson
Robert J. Jonker
Daniel P. Ettinger
Joseph A. Kuiper
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503

Case 1:05-cv-01181-JGP   Document 13   Filed 08/08/2005   Page 3 of 3