IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN GAMBLING OPPOSITION ("MichGO"), a Michigan non-profit corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GALE NORTON, in her official Capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>and<br><br>NEAL A. McCALEB, in his official capacity as ASSISTANT SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF INDIAN AFFAIRS,<br><br>　　　　Defendants.<br>──────────────────────────<br>MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS, a federally recognized Indian Tribe,<br><br>　　　　Proposed Intervenor.<br>────────────────────────── | Case No. 05-CV-01181-JGP<br><br>**REPLY TO PLAINTIFF'S AND DEFENDANTS' RESPONSE TO MOTION TO INTERVENE** |

　　　　The Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians (the "Tribe") files this Reply to Plaintiff MichGO's and Defendant United States' Responses to the Tribe's Motion to Intervene. The Tribe respectfully submits that the United States cannot fully represent the Tribe's sovereign interests. Nor can it fully represent the Tribe's vital interests in expediting the litigation, having already granted an indefinite "self stay" in favor of Plaintiff. Consequently, the

1

Tribe is entitled to intervention as of right, pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, to permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2).

**I.      The Tribe is Entitled to Intervene as of Right**

The Tribe's paramount interests in the benefits of sovereign trust land meet the "interest" requirements of Rule 24(a). Contrary to the suggestion of the United States, intervention as of right is not limited to parties who are "in a position to be compelled to comply"—although in this case the practical effect and burden of any order would fall squarely on the Tribe. (See Defs.['] Resp. at 3) The intervenor need only demonstrate "an interest relating to the property . . . which is the subject of the action." Fed. R. Civ. P. 24(a). The Tribe clearly satisfies this minimal standard.

The Tribe has also demonstrated that the United States cannot adequately represent its interests. First, the Tribe has cultural, historical and sovereign interests in the land at issue. The Tribe has been federally recognized since 1999, but has no reservation or lands held in trust. Without lands held in trust, the Tribe will continue to be denied economic incentives and programs that simply are not available if the Tribe merely owns land in fee simple. See 26 U.S.C. § 168(j); 26 U.S.C. § 45A; 26 U.S.C. § 7871(c)(3); 25 U.S.C. §§ 1521, et seq. These unique and tightly focused interests "cannot be subsumed in the shared interests of the citizens of the United States." Dimond v. District of Columbia, 792 F.2d 179, 193 (D.C. Cir. 1986).

Second, the United States' interests have already diverged from the Tribe's. The United States, over the Tribe's objection, agreed to an indefinite "self stay" in favor of Plaintiff, without requiring Plaintiff to demonstrate any likelihood of success on the merits or that the balance of harm tips in Plaintiff's favor (which it does not). While time is of the essence for the Tribe— particularly where Plaintiff's supporters have cited delay as one of their goals—it is obviously of less concern to the United States. On this critical aspect of the case, the United States has not

adequately represented the Tribe's interests to date, and cannot be expected to do so in the future. The Tribe respectfully submits that, because the United States cannot fully represent its sovereign interests, the Court should grant the Tribe's motion to intervene as of right.

II.     **The Tribe Meets the Standard for Permissive Intervention**

Alternatively, permissive intervention should be granted in this case because the Tribe has met the standard for permissive intervention under Fed. R. Civ. P. 24(b)(2). The Tribe merely seeks to defend against the very claims raised by Plaintiff's Complaint. Also, intervention is timely, and the Tribe will seek to expedite, not delay or prejudice the litigation. The United States agrees that the Tribe meets the standard for permissive intervention under Fed. R. Civ. P. 24(b)(2). However, Plaintiff MichGO opposes permissive intervention.

Perhaps recognizing that the criteria for Rule 24(b)(2) have been met, Plaintiff does not address them. Instead, Plaintiff argues, sans any supporting authority, that the Court should condition intervention on a waiver of the Tribe's sovereign immunity. Plaintiff's argument is misplaced. It is a well-established principle of law that Indian tribes, like the United States, possess sovereign immunity from suit. See Kiowa Tribe v. Mfg. Tech., 523 U.S. 751, 754 (1988). Moreover, the Supreme Court has rejected arguments that Indian tribes waive their sovereign immunity by engaging in litigation. Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 509 (1991) (citing United States v. United States Fidelity & Guaranty Co., 309 U.S. 506 (1940)). Indian tribes have intervened in litigation in this District regarding the acquisition of Indian trust land without the issue of sovereign immunity arising. See, e.g., Roseville v. Norton, 219 F. Supp. 2d 130 (D.D.C. 2002); Citizens Exposing Truth About Casinos ("CETAC") v. Norton, No. 02-1754 (TPJ) (D.D.C. Apr. 23, 2004). The Tribe does not waive its sovereign immunity here, and respectfully submits that it cannot be required to do so.

Plaintiff suggests no concrete way in which the Tribe's sovereign immunity will affect this litigation. The only arguments Plaintiff makes are oblique references to discovery and unidentified claims that could, theoretically, be asserted by other parties. First, there is no reason to believe that this action, brought under the Administrative Procedure Act ("APA"), will involve any discovery. 5 U.S.C. § 706(2)(A, B); see Nat'l Law Center on Homelessness and Poverty v. United States Dept. of Veterans Affairs, 736 F. Supp. 1148, 1152-53 (D.D.C. 1990) (stating that the general rule is that the court's review of APA actions is confined to the administrative record). Second, Plaintiff has not identified any additional claims that might be asserted against the Tribe (or, for that matter, against any other party). The Tribe respectfully submits that, because its sovereign immunity will have no impact on this litigation, Plaintiff's arguments regarding waiver are simply not relevant to this motion.[1]

## III.   Conclusion

For the foregoing reasons, and for those stated in its Memorandum in Support of Intervention, the Tribe respectfully submits that its motion should be granted pursuant to Rule 24(a) or, in the alternative, Rule 24(b)(2).

---

[1] The Tribe does not waive its sovereign immunity. However, the Tribe does not assert that it is entitled to assert absolute immunity from the normal processes of this Court, to the extent necessary to resolve Counts I-IV.


Respectfully submitted this 17th day of August 2005.

                                Match-E-Be-Nash-She-Wish Band of
                                Pottawatomi Indians, Intervenor-Defendant,

                              By     s/Conly J. Schulte

| | |
|---|---|
| Nicholas C. Yost, CA Bar 35297 | Conly J. Schulte, NE Bar 20158 |
| Paula M. Yost, CA Bar 156843 | Shilee Mullin, USDC-DC Bar D00260 |
| Sonnenschein Nath & Rosenthal LLP | Monteau & Peebles, LLP |
| 685 Market Street, Sixth Floor | 12100 W. Center Road, Suite 202 |
| San Francisco, CA 94105 | Omaha, NE 68144 |
| Telephone (415) 882-5000 | Telephone (402) 333-4053 |
| Fax (415) 543-5472 | Fax (402) 333-4761 |
| | |
| Seth P. Waxman, DC Bar 257337 | Michael J. Anderson, DC Bar 417887 |
| Edward C. DuMont, DC Bar 471443 | Monteau & Peebles, LLP |
| Wilmer Cutler Pickering Hale and Dorr LLP | 300 Independence Ave. SE |
| 2445 M Street, NW | Washington, DC 20003 |
| Washington, DC 20037 | Telephone (202) 543-5000 |
| Telephone (202) 663-6000 | Fax (202) 543-7716 |
| Fax (202) 663-6363 | |

**CERTIFICATE OF SERVICE**

      I certify that on August 17, 2005, I electronically filed the above document with the Clerk of the Court, which will send notice of electronic filing to the following:

Rebecca A. Womelsdorf
Spriggs & Hollingsworth
1350 I Street, NW Suite 900
Washington, DC 20005

William C. Fulkerson
Robert J. Jonker
Daniel P. Ettinger
Joseph A. Kuiper
Warner Norcross & Judd, LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503

Patricia Miller
U.S. Department of Justice
601 "D" St., N.W.
Washington, DC. 20004

      s/Carol Thompson