*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **MICHIGAN GAMBLING OPPOSITION**,  Plaintiff,  v.  **GALE A. NORTON,** Secretary of the United States Department of the Interior, et. al.,  Defendants. | Civil Action No. 05-01181 (JGP) |

**MEMORANDUM OPINION**

This matter is before the Court pursuant to the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians' ("Tribe") **Motion to Intervene** [# 7]. The Tribe seeks to intervene in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a)(2) or, alternatively, by permission pursuant to Fed.R.Civ.P. 24(b). As explained more fully below, the Court concludes that the Tribe does not meet the requirements for intervention as a matter of right. However, the Tribe should be granted permissive intervention pursuant to Fed.R.Civ.P. 24(b).

**BACKGROUND**

The Tribe is an Indian tribe descending primarily from a band of Pottowatomi Indians located in the southwestern portion of the State of Michigan. Tribe's Mem. P. & A. at 2. Although the Tribe received federal recognition in 1999, it does not have a reservation or federally-protected lands. Id. In August 2001, the Tribe sought to have defendants take into trust

a 147-acre parcel of land located in Allegany County, Michigan which the Tribe planned to convert into a gaming facility.  Id.  On May 13, 2005, defendants issued a Notice of Intent to accept the identified parcel into trust for the Tribe.  Id.

A month later, on June 13, 2005, plaintiff filed a complaint in this Court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, et. seq.; the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et. seq.; and the non-delegation doctrine of the United States Constitution.[1]  Compl. at ¶ 4.  Plaintiff alleges that defendants' intent to place the parcel into trust for the Tribe would disregard Congress' mandate for the preparation of an environmental impact statement under NEPA; violate federal law establishing parameters for gambling on newly acquired Indian lands; disregard the Tribe's lack of a legally required gambling compact as required under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2710, et. seq. and 18 U.S.C. § 1166; and disregard the Constitution's limitation on delegated legislative power.  Id. at ¶¶ 2, 7.  As a result of plaintiff's complaint, defendants agreed to stay their decision to place the property into trust until this action is dissolved.  Tribe's Mem. P. & A. at 5.  The Tribe now seeks to intervene as a matter of right pursuant to Fed.R.Civ.P. 24(a), or by permission pursuant to Fed.R.Civ.P. 24(b).  Id. at 6. [2]

---

[1] Plaintiff is a Michigan non-profit corporation that opposes the proliferation of gambling venues. Compl. at ¶ 12.

[2] Defendants object to the Tribe's intervention as a matter of right, but have no objection to permissive intervention.  See Defs.' Resp. Mot. Intervene.  Plaintiff, on the other hand, objects to any intervention by the Tribe, and will only consent to permissive intervention if the Tribe agrees to waive it's sovereign immunity.  See Pl.'s Resp. Mot. Intervene.  Since the Tribe will not waive it's sovereign immunity, the Court will treat plaintiff's objection as an objection to both intervention as a matter of right and permissive intervention.  See Tribe's Reply to Pl.'s & Defs.' Resp.

## DISCUSSION

I. *Standing*

Before addressing a motion to intervene pursuant to Federal Rule of Civil Procedure 24, the Court must consider whether the moving party has standing. See Mova Pharm. Corp. v. Shalala, 329 U.S.App.D.C. 341, 355, 140 F.3d 1060, 1074 (1998). Accordingly, intervenors must demonstrate that they have a sufficient "protectable interest" in the proceedings. United States v. Phillip Morris USA, Inc., No. 99-2496, slip op. at * 2 (D.D.C. July 22, 2005), citing Southern Christian Leadership Conference v. Kelley, 241 U.S.App.D.C. 340, 342, 747 F.2d 777, 779 (1984). The disputed action in this case concerns defendants' decision to place a parcel of land into trust for the Tribe. The Tribe contends that placement of the land into trust is necessary for it's economic development, self determination, and economic sufficiency.[3]  Mot. Intervene at 3. Accordingly, the Tribe has a protectable interest in this action that is sufficient to establish standing for the purposes of a Rule 24 motion.

II. *Intervention As of Right*

Federal Rule of Civil Procedure 24(a), which governs interventions as of right, states that:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). In assessing a motion to intervene pursuant to Rule 24(a), courts in this

---

[3] The Tribe claims that the gaming facility is expected to bring a large number of jobs and income to the Tribe and its 300 members.

Circuit consider: (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action;" (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;" and (4) whether "the applicant's interest is adequately represented by existing parties." Mova Pharm. Corp., 329 U.S.App.D.C. at 355, 140 F.3d at 1074. All four prongs must be satisfied in order for a party to intervene as a matter of right. United States v. Microsoft Corp., No. 98-1232, 2002 WL 319819, at * 3 (D.D.C. Feb. 28, 2002). The objections raised by plaintiff and defendants against the Tribe's intervention under Rule 24(a) do not involve prongs one through three. Hence the Court will limit it's analysis to prong four.

In order to meet it's burden under prong four, the Tribe must show that defendants have a "sufficiently different and particularized interest" that is adverse to the Tribe's interests. See Envtl. Defense Fund v. Thomas, No. 85-174, 1985 WL 6050, at * 6-7 (D.D.C. Oct. 29, 1985). The Tribe argues that defendants' interests have already become adverse to it's own; citing the defendants' decision to stay the establishment of the trust pending the resolution of this case. Reply to Pl.'s & Defs.' Resp. at 2. The Tribe claims that defendants initiated the stay over the Tribe's objection, and without requiring plaintiff to demonstrate any likelihood of success on the merits. Id.

While the burden on intervenors to show inadequacy of representation "is not onerous," Phillip Morris, No. 99-2496, slip op. at * 5, the intervening party must prove more than mere "quibbles over litigation tactics." Jones v. Prince George's County, 358 U.S.App.D.C. 276, 282, 348 F.3d 1014, 1020 (2003). Since defendants granted the Tribe's application to place the land

into trust, and are currently defending that decision, defendants' interests appear closely aligned with those of the Tribe.  Hence, while the Tribe may not agree with defendants' decision to stay the transfer, that decision alone is not sufficient to show that defendants' interests are adverse to the Tribe's interests.

III. *Permissive Intervention*

Under Rule 24(b), permissive intervention shall be granted when "an applicant's claim or defense and the main action have a question of law or fact in common," and the intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties."  Here, the Tribe has a sufficient interest in defending defendants' decision to place the 147-acre parcel of land into trust.  See  Tribe's Mem. P. & A. at 7-9.  Moreover, the Tribe's intervention would not delay or prejudice the rights of the original parties.[4]

## CONCLUSION

For the foregoing reasons, the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians' shall be granted permissive intervention.  An appropriate order accompanies this Memorandum Opinion.

Date: September 1, 2005                                      **JOHN GARRETT PENN**
                                                             **United States District Judge**

---

[4] The Tribe's motion was filed within 45 days of plaintiff's complaint, and prior to any response by defendants.