IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN GAMBLING OPPOSITION ("MichGO"), a Michigan non-profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>GALE NORTON, in her official Capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.<br><br>    Defendants.<br><br>MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS, a federally-recognized Indian Tribe,<br><br>    Intervenor. | Case No. 1:05-CV-01181-JGP |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On January 6, 2006, the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians (hereinafter the "Tribe" or "Gun Lake Tribe") filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. On that same day, the United States Court of Appeals for the District of Columbia Circuit issued an opinion in *TOMAC v. Norton*, __ F.3d __, No. 05-5206, 2005 WL 3610310 (D.C. Cir. Jan. 6, 2006). Several elements of the *TOMAC* decision are particularly relevant to the instant case, and serve as further support for resolving disputed legal issues in the Tribe's favor.

Like MichGO, TOMAC is a group of individuals who are located in the western portion of the State of Michigan and oppose casino gaming (TOMAC is also represented by the same legal counsel as MichGO). TOMAC brought an action against the Secretary of Interior ("Secretary"), challenging the Secretary's decision to accept land into trust for the Pokagon Band of Potawatomi Indians to, *inter alia*, develop a gaming facility. *TOMAC*, 2005 WL 3610310, at \*\*1, 4. As in the case at bar, the Secretary worked with the Pokagon Band to prepare an Environmental Assessment ("EA"). Thereafter, the Secretary issued a Finding of No Significant Impact ("FONSI") for the trust acquisition and a Notice of Intent ("NOI") to take the land into trust. *Id*. at \*4.

TOMAC challenged the Secretary's decision on various grounds. First, pertinent to the case at bar, TOMAC argued that the Secretary's decision violated the National Environmental Policy Act ("NEPA") because the gaming facility would significantly impact the environment surrounding the facility's site. *Id*. Also, pertinent to the case at bar, TOMAC argued that the Secretary's acceptance of the land into trust pursuant to the Pokagon Band's Restoration Act was unlawful because that Act was an unconstitutional delegation of legislative authority. *Id.* The case was argued before the D.C. Circuit on December 8, 2005. *TOMAC*, 2005 WL 3610310.

The Circuit Court took less than a month—over the year-end holidays—to affirm the district court's dismissal of TOMAC's case. *Id.*; *id*. at *1.

I.    **NEPA CHALLENGE**

The decision in *TOMAC* bears directly on this case in several respects. First, Plaintiff MichGO has alleged that an air quality analysis conducted for the Bureau of Indian Affairs ("BIA") does not satisfy the National Environmental Policy Act ("NEPA"). Specifically, MichGO claims that the BIA's Finding of No Significant Impact ("FONSI") was inadequate because it failed to consider certain ozone standards which were adopted after the FONSI was issued. *See* Compl. ¶¶ 54, 80. The *TOMAC* court rejected the very same argument, involving the very same ozone standards in the very same State. *See TOMAC*, 2005 WL 3610310, at **9-10. Therefore, MichGO's argument fails as a matter of law.

Second, MichGO has also alleged that the BIA's analysis fails to properly evaluate cumulative environmental impacts because it did not "add together" the "cumulative impacts of all the expected impacts" of the project. Compl. ¶ 96. The *TOMAC* court held that TOMAC "appears to misunderstand the function of the cumulative impacts analysis," stating that NEPA does not require federal agencies to aggregate impacts from the same project. *See TOMAC*, 2005 WL 3610310, at *11 ("[t]he cumulative impacts to which [NEPA] refers are those *outside* of the project in question."). Therefore, MichGO's "cumulative impacts" claim must also fail.

Third, MichGO contends that the sheer length of the BIA's environmental analysis means that the agency should have prepared an Environmental Impact Statement ("EIS"), rather than an Environmental Assessment ("EA") and FONSI. *See* Compl. ¶¶ 66-67. The *TOMAC* court rejected a very similar claim, holding that "the length of an EA has no bearing on the necessity of an EIS." *TOMAC*, 2005 WL 3610310, at *8. To hold otherwise, the court observed, "would

create perverse incentives for agencies, as it would only serve to 'encourage agencies to produce bare-bones EA's.'" *Id.* (citing *Heartwood, Inc. v. United States Forest Serv.*, 380 F.3d 428, 434 (8th Cir. 2004).

## II.     NONDELEGATION CHALLENGE

The D.C. Circuit also affirmed the district court's decision regarding the nondelegation challenge in *TOMAC*, finding that the Pokagon Band's Restoration Act does not constitute an unlawful delegation of power from Congress to the Secretary. *TOMAC*, 2005 WL 3610310, at *13. TOMAC's argument that the Restoration Act constituted an unlawful delegation because "the Secretary's authority is boundless, because the statute allows her to acquire land for the tribe without restraint," *id.*, is very similar to MichGO's argument that the Indian Reorganization Act is an unlawful delegation. MichGO Compl. ¶¶ 120-126. The Circuit Court found that argument "specious," stating that the Restoration Act, read in light of its purpose and the history of the Pokagon Band, set forth appropriate boundaries to guide the Secretary. *TOMAC*, 2005 WL 3610310, at * 13. The Circuit Court reiterated that when faced with a nondelegation challenge, courts must determine whether Congress has set forth "an intelligible principle to which the person or body authorized to [act] is directed to conform." *Id.*

Also, in accordance with Supreme Court precedent, the Court of Appeals stated that the boundaries of delegation "need not be tested in isolation" and "the statutory language may derive content from 'the purpose of the Act, its factual background and the statutory context in which they appear.'" *Id.* Considering the Restoration Act and the history and relationship between the United States and the Tribe, the Appeals Court stated that "it is obvious here that the Secretary's delegated authority . . . is cabined by 'intelligible principle,'" and the court "categorically

reject[ed] the suggestion that the Secretary has been given no direction as to where she is to take land into trust for the Tribe." *Id.*

Like the Pokagon Band's Restoration Act, the Indian Reorganization Act was enacted to provide lands for Indians and restricts the means the Secretary may use to procure such lands. 25 U.S.C. § 465. Accordingly, the *TOMAC* decision serves as further support for the Tribe's position that MichGO's nondelegation claim must be summarily dismissed.

Respectfully submitted this 10th day of January, 2006.

                                                Match-E-Be-Nash-She-Wish Band of
                                                Pottawatomi Indians, Intervenor-Defendant,

                                                By     s/Shilee T. Mullin

| | |
|---|---|
| Nicholas C. Yost, CA Bar 35297 | Conly J. Schulte, NE Bar 20158 |
| Paula M. Yost, CA Bar 156843 | Shilee T. Mullin, NE Bar 22286 |
| Sonnenschein Nath & Rosenthal LLP | Monteau & Peebles, LLP |
| 685 Market Street, Sixth Floor | 12100 W. Center Road, Suite 202 |
| San Francisco, CA 94105 | Omaha, NE 68144 |
| Telephone (415) 882-5000 | Telephone (402) 333-4053 |
| Fax (415) 543-5472 | Fax (402) 333-4761 |
| | |
| Seth P. Waxman, DC Bar 257337 | Michael J. Anderson, DC Bar 417887 |
| Edward C. DuMont, DC Bar 471443 | Monteau & Peebles, LLP |
| Wilmer Cutler Pickering Hale and Dorr LLP | 300 Independence Ave. SE |
| 2445 M Street, NW | Washington, DC 20003 |
| Washington, DC 20037 | Telephone (202) 543-5000 |
| Telephone (202) 663-6000 | Fax (202) 543-7716 |
| Fax (202) 663-6363 | |

## **CERTIFICATE OF SERVICE**

I certify that on January 10, 2006, I electronically filed the above document with the Court, which will send notice of electronic filing to the following:

Rebecca A. Womeldorf
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Suite 900
Washington, DC  20005
202-682-1639
*Attorney for Plaintiff*

William C. Fulkerson
Robert J. Jonker
Daniel P. Ettinger
Joseph A. Kuiper
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503
616-222-2161
*Attorneys for Plaintiff*

Patricia Miller
Gina L. Allery
Department Of Justice
Environmental and Natural Resources Division
Indian Resources Section
601 D Street, NW, Third Floor
Washington DC  20004
202-305-0271
*Attorney for Defendants*


             s/Shilee T. Mullin