IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN GAMBLING OPPOSITION ("MichGO"), a Michigan non-profit corporation,<br><br>    Plaintiff,<br><br> vs.<br><br>GALE NORTON, in her official Capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.,<br><br>    Defendants.<br>_____<br><br>MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS, a federally-recognized Indian Tribe,<br><br>    Intervenor.<br>_____ | Case No. 1:05-CV-01181-JGP<br><br><br><br>**OPPOSITION TO JOINT MOTION FOR EXTENSION OF BRIEFING SCHEDULE** |

  Intervenor, the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians (the "Tribe"), strongly opposes Plaintiff's Motion for Extension of the Briefing Schedule on the Tribe's and the government's dispositive motions. As an initial matter, the sheer length of the requested extension, which would give Plaintiff a total of ***72 days*** to respond to the motions filed by the Tribe and the United States, is unreasonable and wholly unjustified. The Tribe urges the Court to view the request with a critical eye, in light of the fact that Plaintiff's publicly admitted mission is to delay the Tribe's casino project. Thus, it is not surprising that Plaintiff seeks every opportunity to postpone adjudication of its baseless claims. But each day of delay imposes irreparable injury on the Tribe. The Tribe has no existing reservation land, and has been waiting for over five years for the United States government to acquire title to land in trust for its

initial reservation.  Without reservation land, the Tribe is stuck in a socioeconomic rut—unable to alleviate the pervasive poverty, unemployment and lack of housing and services that affects its members.  Each day of delay in the acquisition of this land constitutes irreparable injury to the Tribe's sovereign rights and economic development opportunities.  Every day that this meritless suit remains outstanding, and the United States fails to implement the Secretary's decision to take land into trust for the Tribe, poses a real threat to the Tribe's ability to sustain its already long-delayed reservation and casino project, and thus poses a threat to all the Tribe's development and self-determination goals.  For this reason, first, the Plaintiff's Motion to Extend must be denied.

In addition, there have already been several extensions granted in this case.  On August 19, 2005, the United States requested a sixty-day extension of time to file its answer or other responsive pleading (Doc. # 15).  On October 19 it filed another request (Doc. # 22).  On November 29, 2005 (Doc. # 24), the United States requested a third, thirty-day extension (which it negotiated with the Plaintiff, at least in part for Plaintiff's benefit).  In that motion, the United States erroneously informed the Court that the Tribe had consented to a 30-day extension, as the Tribe subsequently informed the Court (Doc. # 26).[1]  The numerous delays that have been imposed have already caused grievous injury to the Tribe and its members, and the Tribe simply cannot afford another delay of more than two months.

The Plaintiff's asserted justifications for a lengthy extension are completely hollow.  The Plaintiff has had over sixty-days to review the administrative record (*See* Doc. # 23).  Although

---

[1] Although Plaintiff states in its present motion that the federal defendants made no representation to Plaintiff about the Tribe's position on this latest extension request,  the undersigned previously and specifically informed Counsel for the United States  that the Tribe could not afford any further extensions.  Yet there was no consultation with the Tribe's counsel before the federal defendants agreed to join in the pending motion for a 58-day extension.

2

both the Tribe and the United States have filed dispositive motions, the motions are substantively so similar that there is surely no need for separate responses. Furthermore, many legal claims that Plaintiff has presented in this case are virtually identical to legal arguments that were presented *by the same counsel* in TOMAC v. Norton, __ F.3d __, No. 05-5206, 2005 WL 3610310 (D.C. Cir. Jan. 6, 2006)—and that were, as the Court is aware, recently rejected (without difficulty) by the D.C.Circuit. The Plaintiff's counsel is therefore thoroughly familiar with the legal issues presented in the United States' and the Tribe's dispositive motions. Briefing them again certainly should not take *72 days*.

Considering the irreparable injury the Tribe and its members are forced to suffer with each day of delay, the fact that Plaintiff negotiated a previous extension with the United States which resulted in Plaintiff having more than 60 days to review the administrative record, and the fact that Plaintiff's counsel have already briefed (and lost on appeal) many of the same meritless issues it raises in this case, the Tribe respectfully submits that an extension of 14 days would be more than sufficient.

Finally, the Tribe also vigorously opposes the joint motion insofar as it permits the federal defendants 30 days to reply to Plaintiff's opposition to the pending motions. For all of the reasons set forth above, the Tribe submits that 14 days is more than sufficient time for the Tribe and the federal defendants to reply to the Plaintiff's opposition.

3

Respectfully submitted this 20th day of January, 2006.

                                        Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians, Intervenor-Defendant,

By    /s/ Conly J. Schulte

| | |
|---|---|
| Nicholas C. Yost, CA Bar 35297 | Conly J. Schulte, NE Bar 20158 |
| Paula M. Yost, CA Bar 156843 | Shilee T. Mullin, NE Bar 22286 |
| Sonnenschein Nath & Rosenthal LLP | Monteau & Peebles, LLP |
| 685 Market Street, Sixth Floor | 12100 W. Center Road, Suite 202 |
| San Francisco, CA 94105 | Omaha, NE 68144 |
| Telephone (415) 882-5000 | Telephone (402) 333-4053 |
| Fax (415) 543-5472 | Fax (402) 333-4761 |
| | |
| Seth P. Waxman, DC Bar 257337 | Michael J. Anderson, DC Bar 417887 |
| Edward C. DuMont, DC Bar 471443 | Monteau & Peebles, LLP |
| Wilmer Cutler Pickering Hale and Dorr LLP | 300 Independence Ave. SE |
| 2445 M Street, NW | Washington, DC 20003 |
| Washington, DC 20037 | Telephone (202) 543-5000 |
| Telephone (202) 663-6000 | Fax (202) 543-7716 |
| Fax (202) 663-6363 | |

**CERTIFICATE OF SERVICE**

I certify that on January 20, 2006, I electronically filed the above document with the Court, which will send notice of electronic filing to the following:

Rebecca A. Womeldorf
Spriggs & Hollingsworth
1350 I Street, N.W., Suite 900
Washington, DC  20005
Tel:  202-898-5800
Fax:  202-682-1639
*Attorney for Plaintiff*

William C. Fulkerson
Robert J. Jonker
Daniel P. Ettinger
Joseph A. Kuiper
Warner Norcross & Judd, LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI  49503
Tel:  616-752-2161
Fax:  616-222-2161
*Attorneys for Plaintiff*

Patricia Miller
Gina Allery
U.S. Department of Justice
601 "D" St., N.W.
Washington, DC  20026
Tel:  202-305-1117
Fax:  202-305-0271
*Attorney for Defendants*

/S/  CONLY J. SCHULTE

US1DOCS 5481131v1