## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MichGO, Michigan Gambling Opposition** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05-cv-01181-JGP** |
| | ) | Judge John G. Penn |
| **NORTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### UNITED STATES' MOTION FOR LEAVE TO FILE AND RESPONSE MEMORANDUM IN RESPONSE TO PLAINTIFF'S SUPPLEMENTAL STATEMENT

The United States hereby moves for leave to file a response to Plaintiff's Supplemental

Statement of Points and Authorities in Opposition to Federal Defendants' and the Gun Lake

Band's Motions to Dismiss or in the Alternative for Summary Judgment ("Supplemental

Statement"), filed June 16, 2006.[1]

### RESPONSE TO THE SUPPLEMENTAL STATEMENT

In its Supplemental Statement, Plaintiff provides a list of twenty-seven environmental

impact statements ("EIS") that have been performed for tribal casino projects in the United

States.  Plaintiff then cites to Section 1501.4(a)(1) of the Council on Environmental Quality

("CEQ") regulations, implying that because EISs have been prepared for these other casinos, the

building of a casino is an action that normally requires the preparation of an EIS.  See 40 C.F.R.

§ 1501.4(a)(1).  The listing is irrelevant and Plaintiff's claim is a mischaracterization of the CEQ

---

[1]While Plaintiff did not file its submission pursuant to the Federal Rules of Civil Procedure, the
Local Civil Rules, or by otherwise seeking leave of the Court, the United States is not filing a
Motion to Strike the Supplemental Statement.

regulations and the National Environmental Policy Act ("NEPA") process.

In determining whether an EIS is necessary, an agency must first:

(a)     Determine under its procedures supplementing these regulations (described in §
        1507.3) whether the proposal is one which:
        (1)     normally requires an environmental impact statement, or
        (2)     normally does not require either an environmental impact statement or an
                environmental assessment (categorical exclusion).

40 C.F.R. § 1501.4(a).  Pursuant to Section 1507.3, the CEQ regulations require the agencies to

identify those actions that Section 1501.4(a) discusses in the agency's implementing procedures.

The Department of the Interior, Bureau of Indian Affairs (the "Department"), has identified only

the following actions as normally requiring an EIS: proposed mining projects, proposed water

development projects, construction of a treatment, storage, or disposal facility for hazardous

waste or toxic substances, construction of a solid waste facility for commercial purposes.  See

Department of Interior, Departmental Manual, 516 DM Chapter 10.4 (May 27, 2004).[2]

Since the proposed action in this case does not "normally require[] an environmental

impact statement" and does not fall within one of the categorical exclusions, the Department was

required to prepare an environmental assessment ("EA") to determine the necessity of an EIS.

See 40 C.F.R. §§ 1501.3, 1501.4(a) & (b), 1508.9.  The Department prepared the EA and

subsequently issued a Finding of No Significant Impact ("FONSI"), discussing why an EIS was

_____

[2]Plaintiff also cites Seattle Community Council Fed. v. FAA, 961 F.2d 829, 832 (9th Cir. 1992),
for the proposition that, "[a]n EIS *must* be prepared if the proposed agency action is one which
'normally requires an environmental impact statement....'" (emphasis in original).  Plaintiff fails
to point out that the Ninth Circuit upheld the FAA's decision to prepare an EA rather than an
EIS.  The court found that an EIS was not required pursuant to any statute or the FAA's NEPA
regulations.  Likewise, the Department was not required by statute or regulation to prepare an
EIS in this case.

unnecessary.  See 40 C.F.R. § 1508.13; GUN LAKE AR 000003-000004.[3]

Additionally, the Department's decision to prepare an EA instead of an EIS for another tribal casino project in Michigan was recently affirmed by the Court of Appeals.  See TOMAC v. Norton, 433 F.3d 852 (D.C. Cir. 2006).  MichGO may not agree with that decision or with the outcome of the NEPA process, but NEPA is a statute that is procedural in nature and is not outcome-determinative.  See Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 350-351, 109 S.Ct. 1835 (1989).  By preparing the EA and issuing the FONSI in this case, the United States met its NEPA obligations associated with the Tribe's property.

Respectfully Submitted,


/s/
GINA L. ALLERY
D.C. Bar No. 485903
Attorney for Defendants
United States Department of Justice
Environment and Natural Resources Div.
Indian Resources Section
P.O. Box 44378, L'Enfant Plaza Station
Washington, DC 20026
(202) 305-0261

Dated: June 28, 2006

---

[3]Several of the projects cited by Plaintiff in the Supplemental Statement also involved the preparation of an EA to determine whether an EIS would be necessary.  See 70 Fed. Reg. 29363 (May 20, 2005); 69 Fed. Reg. 42065 (July 13, 2004); 69 Fed. Reg. 24182 (May 3, 2004); 68 Fed. Reg. 65467 (Nov. 20, 2003).