

U.S. Department of Justice

Environment and Natural Resources Division

GA
90-6-24-00935

*Indian Resources Section*  *Telephone (202) 305-0269*
*P.O. Box 44378*  *Facsimile (202) 305-0271*
*L'Enfant Plaza Station*
*Washington, DC 20026-4378*

October 27, 2006

**VIA FACSIMILE**
Daniel Ettinger
Warner, Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503

Re:  MichGO v. Norton, No. 1:05-cv-00181-JGP (D.D.C.)

Dear Mr. Ettinger

On October 23, 2006, the United States informed you by letter of the intention of the Department of the Interior (the "Department") to take the 146-acre parcel of land in Allegan County, Michigan, that is the subject of this litigation into trust for the benefit of the Match-E-Be-Nash-E-Wish Band of Pottawatomi ("Gun Lake Tribe"). See Letter dated October 23, 2006, attached.

Ordinarily, when the Department issues a decision to accept land into trust, parties who challenge the agency decision are provided a 30-day window to initiate an action. See 25 C.F.R. § 151.12(b). The purpose of this window is to afford parties judicial review of the Department's decision before the land is formally taken into trust status. If parties do not challenge the decision within the 30 day window, the Department proceeds to formally accept the parcel into trust. At the point the Department accepts the land into trust, the sovereign immunity of the United States bars any challenge to the status of the land. See Quiet Title Act, 28 U.S.C. § 2409a.

In this case, MichGO filed its complaint within the 30 day window provided by 25 C.F.R. § 151.12(b). In this instance, the Department agreed to stay the formal acceptance of the land into trust so that MichGO could pursue judicial review of the underlying decision, with the proviso that the United States could revoke the stay with 30-days notice. Moreover, as part of the agreement, MichGO agreed to join the United States in requesting an expedited decision from the District Court.

However, the Gun Lake Tribe has demonstrated to the Department that it may suffer irreparable harm should the trust acquisition be delayed any further. In light of this, the United States requested that MichGO join the United States in requesting expedited hearing on the summary judgment motions before the District Court. MichGO rejected this request and proposed instead that the United States prepare an Environmental Impact Statement. The United States does not believe that an EIS is warranted in this case. MichGO's proposal would not expedite the resolution of this case.

After consideration of these issues, the Department has decided to limit the self-imposed stay to 70 days from October 27, 2006. We believe this framework provides MichGO with

sufficient time to seek injunctive relief prior to January 5, 2007, when the Department plans to take the parcel into trust. In the event that MichGO does not seek injunctive relief or fails to persuade the Court to issue any relief, the Department plans to formally accept the land into trust on January 5, 2007. Once the Department formally accepts that land into trust, the United States likely would take the position that the Quiet Title Act does not waive the United States' sovereign immunity regarding trust acquisitions and this action therefore is barred.

Sincerely,

Gina L. Allery
Trial Attorney

cc:    Intervenor's Counsel