# Exhibit B

```
00001
01  UNITED STATES DISTRICT COURT
02  FOR THE DISTRICT OF COLUMBIA
03
04  Michigan Gambling Opposition         Docket No. CA 05-1181 JGP
05
06            Plaintiff
07                                       Washington, D.C.
08       vs.                             Wednesday, November 29, 2006
09                                       10:09 a.m.
10  Gale Norton, et al.
11
12            Defendants
13
14
15  Transcript of Oral Argument
16  Before the Honorable John G. Penn
17  United States District Judge
18
19
20  APPEARANCES:
21
22  For the Plaintiff:      Daniel Ettinger, Esq.
23                          Joseph Kuiper, Esq.
24                          Rebecca Womeldorf, Esq.
25
26  For the Defendant:      Gina Allery, Esq.
27                          Patricia Miller, Esq.
28                          Seth Waxman, Esq.
29                          Nicholas C. Yost, Esq.
30                          Demian S. Ahn, Esq.
31                          Edward C. DuMont, Esq.
32                          Conly J. Schulte, Esq.
33                          Shille T. Mullin, Esq.
34
35
36  Reporter:               WILLIAM D. MC ALLISTER, CVR-CM
37                          Official Court Reporter
38                          Room 4806-B
39                          333 Constitution Avenue, N.W.
40                          Washington, D.C. 20001-8306
41                          (202) 371-6446
42
43  Reported by Voice Writing and transcribed using SpeechCAT
44
45  Pages 1 through 73
00002
01  P R O C E E D I N G S
02            THE CLERK:  Your Honor, we have Civil Action 05-1108.
03  Michigan Gaming Opposition versus Gale Norton, et al.
04            Will lead counsel please approach the podium and
05  identify the parties with them at counsel table.
06            MR. ETTINGER:  Good morning, Your Honor.  Dan
07  Ettinger appearing on behalf of Michigan Gaming Opposition.
08  With me here today is my partner Joe Kuiper and Rebecca
09  Womeldorf.
10            THE COURT:  Glad to have you here.
11            MS. ALLERY:  Good morning, Your Honor.  On behalf of
12  the United States, Gina Allery with my co-counsel Patricia
13  Miller.  And the tribe is intervening in this case as well.
14            THE COURT:  Mr. Waxman.
```

```
17              Has the agency identified the relevant environmental
18   concern, has the agency taken a hard look at that concern.  If
19   there is a finding of significantly impact, has the agency
20   taken measures to mitigate that to the point where the changes
21   and safeguards in the project make that not significant.  And
22   if there is a finding of no significant impact, is the agency's
23   case compelling.
24              Plaintiffs have failed to prove that the agency has
25   not taken a hard look at these environmental concerns.  They
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
00056
01   allege that the local support is lacking when, in fact, the
02   Wayland Township is going to provide the fire services for the
03   casino.  Allegan County will be providing sheriff services.
04   All of those local communities have chimed in in support of
05   this project.
06              The traffic issue, you know, the government
07   identified that concern, took a hard look at it and then
08   implemented mitigation measures.  It is the mitigation measures
09   for the traffic impacts that they then discuss with the
10   Michigan Department of Transportation and the board of county
11   road commissioners who then said they approve of the
12   government's mitigation measures.
13              So the government took a hard look at that
14   environmental impact and then implemented mitigation measures
15   to offset it.
16              Plaintiff also states there is a general policy of
17   the government conducting environmental impact statements for
18   casinos.  There is no policy.  In fact, that is done on a case-
19   by-case basis.
20              These projects occur all over the country in
21   different places.  To have a general policy would obliterate
22   the purpose of NEPA which is, you know, to go through the
23   procedures to determine whether there is going to be an impact.
24   Therefore, these are all case by case.  In fact, environmental
25   assessments and FONSIs were done in the TOMAC case and the City
26
27
28
29
30
31
```

```
00062
01  step is for the court to defer to the Secretary's reasonable
02  interpretation under Chevron.
03           And the Secretary here has reasonably interpreted
04  that term to mean that it is the initial reservation of this
05  tribe as set aside by the Indian Reorganization Act, and this
06  will be the first reservation since its federal
07  acknowledgement.
08           Unless Your Honor has any further questions.
09           THE COURT:  I think not.  I think, looking quickly at
10  the opinion, I think it was almost 900 pages I believe is the
11  reference.
12           MS. ALLERY:  Is the TOMAC one.
13           THE COURT:  Thank you very much.
14  Mr. Waxman.
15           MR. WAXMAN:  Yes, Your Honor, I'm looking at page 862
16  of volume 433 where it says, I think it does say 800, it was 17
17  volumes in Judge Robertson's opinion below.  And, of course,
18  the point that the D.C. Circuit was making here was not that
19  the length isn't dispositive.
20           It says, quote, the simple point here is that the
21  length of an EA has no bearing on the necessity of an EIS.
22           Mr. Ettinger says, well, you know, EISs are routinely
23  done for gaming facilities.  As we explain in our brief and in
24  the supplemental filings in response to their supplemental
25  filings, that is emphatically not true.  In fact, under the CEQ
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
00063
01  regulations every agency is required to identify the types of
02  projects that it does or supervises that routinely require
03  environmental impact statements as opposed to environmental
04  assessments; and as our supplemental submission points out,
05  casinos are not included in that category.
06           I mean they made reference to TOMAC and we talked
07  here about TOMAC.  TOMAC was a casino that was I think twice
08  the size of this one and the same arguments were made almost
09  verbatim in their briefs and at oral argument.  And Judge
10  Robertson made clear and the D.C. Circuit affirmed that because
11  under the deferential standard of review it could not be said
12  that the agency had abused its discretion in concluding that
13  there were not unmitigated significant effects, its decision
14  stands.
```