IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MichGO, Michigan Gambling Opposition | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-01181-JGP |
| | ) | Judge John G. Penn |
| KEMPTHORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MATCH-E-BE-NASH-SHE-WISH | ) | |
| BAND OF POTTAWATOMI INDIANS, | ) | |
| | ) | |
| Intervenor | ) | |
| _____ | ) | |

**RESPONSE TO MICHGO'S POST-HEARING STATEMENT OF POINTS AND
AUTHORITIES IN OPPOSITION TO THE FEDERAL DEFENDANTS' AND THE GUN
LAKE BAND'S MOTIONS TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY
JUDGMENT**

The United States hereby responds to Plaintiff's Post-Hearing Statement of Points and

Authorities ("Post-Hearing Statement").

Plaintiff's attached the March 2005 Checklist for Gaming Acquisitions, Gaming Related-

Acquisitions and Two-Part Determinations Under Section 20 of the Indian Gaming Regulatory

Act ("March 2005 Checklist" or "Checklist") to their Post-Hearing Statement in support of their

assertion that the Department of the Interior ("Department") has a formal policy of requiring

environmental impact statements (EISs) for gaming or gaming-related acquisitions.  For the

following reasons, Plaintiff's reliance on this document is misplaced.

**I.      The Checklist Post-Dates the Gun Lake Decision**

1

The Department of the Interior circulated the March 2005 checklist as guidance to all Bureau of Indian Affairs Regional Directors to inform them that all future and pending acquisitions for gaming, gaming-related purposes, and Section 20 two-part determinations should be processed in accordance with the requirements of the new checklist. See Memorandum regarding March 2005 Checklist for Gaming Acquisitions, Gaming-related Acquisitions and Two-Part Determinations Under Section 20 of the Indian Gaming Regulatory Act attached as Exhibit. The memorandum is dated March 7, 2005, and the checklist is dated March 2005. However, the Finding of No Significant Impact (FONSI) in this case was issued on February 7, 2004, and the Regional Office signed off on the fee-to-trust acquisition on March 24, 2004, almost a year before the memorandum and checklist were distributed. Therefore, at the time this checklist was issued no action was pending at the Regional Office. The only pending action was the Associate Deputy Secretary's final approval of the Gun Lake Band's land acquisition, which he granted on April 18, 2005. Therefore, the March 2005 Checklist, designed to assist the Regional Offices in preparing complete land acquisition packages for review and final action, is irrelevant to this case. See Memorandum and Checklist at page 1.

## II.    The Checklist is Non-Binding

Plaintiff also incorrectly characterizes the Checklist as a "policy statement." The March 2005 Checklist is not a policy statement, but a purely internal agency document intended, "to assist you (Regional Directors) in the preparing a complete land acquisition package for review and final action[.]" See Checklist at page 1.

Even if the March 2005 Checklist could be characterized as a policy statement, it does not

constitute a rule or regulation and is therefore not binding on the Department.  Policy Statements

are merely designed to inform, but are not rules and are not mandatory or binding.  The Checklist

does not constitute a rule and should not be construed as having any binding effect upon the

Department under any of the standards set forth by the D.C. Circuit.  As the Court discussed in

General Electric Co. v. EPA, 290 F.3d 377 (D.C. Cir. 2002), involving a challenge to an EPA

"guidance document," in cases where it attempts to distinguish statements of policy or guidance

documents from rules it has "considered whether the agency action (1) 'impose[s] any rights and

obligations' or (2) 'genuinely leaves the agency decisionmakers free to exercise discretion.'"

General Electric Co. at 382, citing Community Nutrition Inst. v. Young, 818 F.2d 943, 946

(D.Cir. 1987).  The Court has also considered "(1) the Agency's own characterization of its

action; (2) whether the action was published in the Federal Register or the Code of Federal

Regulations; and (3) whether the action has binding affects on private parties or on the agency."

General Electric Co. at 382, citing Molycorp, Inc. v. EPA, 197 F.3d 543, 545 (D.C. Cir. 1999).

Finally, the D.C. Circuit has overlapped those two tests to determine if the document binds

private parties or the agency itself with the force of law.  General Electric Co. at 382, 385

(finding the guidance document to have the force of law).

 The March 2005 Checklist clearly does not fit within any of these standards.  It is merely

an informal internal document provided to assist Regional Directors in preparing gaming and

gaming-related acquisition packages for review by the Office of Indian Gaming Management

Staff.  The Checklist is not binding and has no legal effect on the Department or the rights of the

Tribe and the Checklist does not limit the Department's discretion to determine in what instances

it may prepare an environmental assessment (EA) instead of an EIS.  In fact, the Department has

recently exercised its discretion by issuing a FONSI for a casino project in the Catskills.  <u>See</u>

Press Release, U.S. Department of the Interior, Office of the Assistant Secretary - Indian Affairs,

BIA Issues Finding of No Significant Impact for Proposed Monticello Raceway Casino in New

York, December 22, 2006 (available at

http://www.doi.gov/news/06_News_Releases/061222.html).

**III.     Even if the Checklist Applied and was Binding, the Department Complied with NEPA**

Even if the Checklist pre-dated the decision in this case and was binding upon the agency,

Plaintiff's assertion is false.  The portion of the 2005 Checklist to which MichGO refers is merely

a reiteration of the traditional standard under NEPA, in which an EIS is required only when there

is a "major federal action significantly affecting the quality of the human environment."  42

U.S.C. § 4332(2)(C).  The Checklist recommends an EIS when a casino project is large and

controversial.  In this instance it is clear from the administrative record that an EIS was

unnecessary because the project was neither large nor controversial.  <u>See</u> Finding of No

Significant Impact, Gun Lake Determination AR000003-05.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Post-Hearing Statement of Points and Authorities

and the attached March 2005 Checklist are irrelevant and should be disregarded.

4

Respectfully Submitted,


                    /s/
GINA L. ALLERY
D.C. Bar No. 485903
Attorney for Defendants
United States Department of Justice
Environment and Natural Resources Div.
Indian Resources Section
P.O. Box 44378, L'Enfant Plaza Station
Washington, DC 20026
(202) 305-0261

Dated: January 23, 2007

5