

JOSEPH A. KUIPER

616.752.2481
FAX 616.222.2481

jkuiper@wnj.com

February 2, 2007

Ms. Gina L. Allery
U.S. Department of Justice
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, D.C. 20026-4378

      Re:    MichGO v. Norton, et al.; Case No. 1:05-cv-01181-JGP

Dear Gina:

      As you know, the United States originally agreed in this case not to preempt judicial review by taking land into trust for a casino while the Court was reviewing MichGO's legal challenges. This original position of the United States was entirely consistent with the other two cases in which the United States has handled trust acquisitions in Michigan for other proposed Indian casinos.

      The United States changed its position last December, when it unilaterally set March 5, 2007, as the date on which it will take land into trust even if the Court still has this case under review at the time. We continue to believe the most appropriate course for the government is to await the Court's decision before unilaterally taking land into trust for a casino. By voluntarily waiting for the Court, the United States would avoid triggering the need for more motion practice, and would honor the normal process of judicial review of agency decisions. Such a voluntary stay is especially appropriate here given the recently disclosed internal BIA checklist, which was not included in the administrative record, demonstrating the need for an EIS in cases, such as this one, involving large and controversial casino projects.

      We write now to ask that the United States agree, as it originally did in this case, and as it has done in other casino cases, not to take land into trust for gaming before the Court issues its ruling. Without such a voluntary stay, we will be forced to seek appropriate relief from the Court, which may well further delay consideration of the merits. Indeed, since the question of what an "initial reservation" is for IGRA purposes is currently being briefed in the case of *CETAC v. Norton* before the United States Court of Appeals for the District of Columbia Circuit, we would expect to ask the Court not only to enjoin any trust acquisition pending resolution of the merits of this case, but also to stay further trial court proceedings, pending the decision of the Court of Appeals in *CETAC*. That would allow the trial Court to devote its time and attention to

Ms. Gina L. Allery
February 2, 2007
Page 2

---

other matters, rather than spend time deciding an issue that will soon be authoritatively resolved by the Court of Appeals.

   Please let us know promptly if the United States is willing to stay its trust acquisition voluntarily so that the Court and the parties can avoid the burden and delay of further motion practice on this matter.

            Very truly yours,

            Joseph A. Kuiper

/klm