IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN GAMBLING OPPOSITION ("MichGO"), a Michigan non-profit corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>DIRK KEMPTHORNE, in his official Capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.<br><br>        Defendants.<br><br>MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS, a federally-recognized Indian Tribe,<br><br>        Intervenor. | Case No. 1:05-CV-01181-JGP<br>Judge John G. Penn |

**NOTICE**

On Wednesday, November 22, 2006, the United States filed a Notice with the Court stating "in light of the hearing scheduled for November 29, 2006, the United States does not intend to take the land at issue into trust prior to March 5, 2007." [#65]. On February 23, 2007, this Court issued its opinion, granting the United States' Motion to Dismiss or in the Alternative Motion for Summary Judgment in its entirety.

The United States notified Plaintiff telephonically on Monday, February 26, 2007, that the United States intends to take the land into trust March 5, 2007, unless Plaintiff files a Motion

1

for Stay and that Motion is granted. To date, Plaintiff has not filed a Motion for Stay. Therefore, the United States intends to take the Bradley Property into trust at **5:00 pm eastern standard time, Monday, March 5, 2007**. If Plaintiff files a Motion for Stay prior to that date and time, the United States hereby requests the opportunity to respond to that Motion for Stay before the Court rules.

Once the land is taken into trust, the sovereign immunity of the United States forecloses review of some of Plaintiff's claims. Although the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a(a), waives the sovereign immunity of the United States for land-related challenges, "when the United States claims an interest in real property based on that property's status as trust or restricted Indian lands, the Quiet Title Act does not waive the Government's immunity." United States v. Mottaz, 476 U.S. 834, 843, 106 S.Ct. 2224 (1986). As such, if the relief requested by Plaintiff effectively alters the status of the land as trust land, the QTA bars Plaintiff's claim. See Shivwits Band of Paiute Indians v. Utah, 428 F.3d 966, 974-978 (10th Cir. 2005); Neighbors for Rational Development v. Norton, 379 F.3d 956, 961 (10th Cir. 2004). The QTA would bar the following claims asserted by Plaintiff: 1) Section 5 of the Indian Reorganization Act ("IRA"), 25 U.S.C. § 465, is unconstitutional (Count IV, Complaint at 41); 2) the Secretary lacks authority to take land into trust for gaming absent a Tribal-State Compact (Count III, Complaint at 39); and 3) the Secretary's failure to prepare an Environmental Impact Statement ("EIS") instead of an Environmental Assessment ("EA") violates the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4347 (Count I, Complaint at 16).

However, the QTA would not bar Plaintiff's opportunity to appeal whether the trust parcel qualifies as the "initial reservation" of the Gun Lake Band under Section 20 of IGRA. The

Secretary's determination under Section 20 of IGRA, 25 U.S.C. § 2719, is a final agency decision separate from the Secretary's decision to acquire the parcel into trust, and is independently reviewable under the APA regardless of the trust status of the land. Thus, if the land is taken into trust, the Section 20 IGRA challenge remains subject to review if MichGO decides to appeal this Court's decision.

Dated: March 1, 2007                    Respectfully submitted,

MATTHEW J. McKEOWN
<u>Acting Assistant Attorney General</u>
United States Department of Justice
Environment and Natural Resources Division

    /s/
GINA L. ALLERY
D.C. Bar No. 485903
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, D.C. 20026-4378
(202) 305-0261

<u>OF COUNSEL</u>:
MARIA WISEMAN
United States Department of the Interior
Office of the Solicitor
Washington, DC