IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHIGAN GAMBLING )
OPPOSITION ("MichGO"), a )
Michigan non-profit corporation, )
 )
    Plaintiff, )
 )
v. )   Case No. 1:05-CV-01181-JGP
 )
DIRK KEMPTHORNE, in his )
Official capacity as SECRETARY )
OF THE UNITED STATES )   Declaration of James E. Cason
DEPARTMENT OF THE )
INTERIOR, et. al., )
 )
    Defendants. )
_____)
 )
MATCH-E-BE-NASH-SHE-WISH )
BAND OF POTTAWATOMI )
INDIANS, a federally-recognized )
Indian Tribe, )
 )
    Intervenor. )
_____)

I, James E. Cason, hereby declare and state as follows:

1.     I am the Associate Deputy Secretary of the Department of the Interior. Pursuant to Secretarial Order 3259 (February 8, 2005), the Secretary has temporarily delegated the duties of the Assistant Secretary—Indian Affairs to me.

2.     The Secretary of the Interior is authorized to acquire land in trust for the benefit of Indians pursuant to 25 U.S.C. § 465. The Secretary determines whether land acquired

in trust qualifies as tribe's "initial reservation" pursuant to the Indian Gaming Regulatory Act (IGRA). 25 U.S.C. § 2719(b)(1)(B)(ii).

3.  The Band was federally recognized as a tribe by the United States in 1999. The Band has no reservation or trust land. In August of 2001, the Band submitted an application requesting that the United States acquire two parcels of land, known as the Bradley Tract, totaling 147.48 acres of land in trust for the benefit of the Band on which the Band proposes to construct a gaming facility. If acquired in trust, the Bradley Tract would qualify as the Band's initial reservation under IGRA.

4.  The Bureau of Indian Affairs (BIA) prepared an environmental assessment (EA) pursuant to its responsibilities under the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. In December 2003, the BIA issued a final EA, and on February 27, 2004, issued a finding of no significant impact for the trust acquisition and the proposed gaming facility. On May 13, 2005, the BIA published a Notice of Intent to acquire the Bradley Tract in trust for the Band. 70 Fed. Reg. 25,596-597 (May 13, 2005).

5.  On June 13, 2005, Plaintiffs filed the instant lawsuit. The BIA agreed to stay the acquisition of the Bradley Tract to allow for judicial review of the BIA's decision to acquire the Bradley Tract in trust and whether it qualifies as the Band's initial reservation. Pursuant to 25 C.F.R. § 151.12, the Secretary publishes his intent to take land in trust for a tribe in the Federal Register, providing at least thirty days for a party to seek judicial review of the agency's decision before the land is taken into trust. In this

situation, the Department of the Interior has voluntarily stayed taking the land in trust for twenty-two months. On November 22, 2006 the United States informed Plaintiffs and the District Court that it in light of the long passage of time since the Secretary's decision, the Secretary intended to end the voluntary stay on March 5, 2007. See Notice of the United States (November 22, 2006).

6.   As discussed in the EA, the proposed trust acquisition will assist in addressing the Band's unmet economic and socio-economic needs. The Band has now waited for almost eight years since federal recognition for a land base over which it can assert its governmental authority. The Band cannot take advantage of the economic opportunities afforded it by Congress through IGRA until the Bradley Tract is acquired in trust. Further delay in taking the Bradley Tract in trust will prevent the Band from benefitting from much needed economic development. Moreover, the Band has waited for twenty-two months since the Secretary determined to acquire the Bradley Tract in trust for the Band. To continue a voluntary stay will effectively permit Plaintiffs, which are involved in challenges that seek to delay multiple trust acquisitions in order to delay or prevent gaming, to nullify the Secretary's decisions without having to meet the burden of demonstrating a likelihood of success on the merits, resulting in irreparable harm to the Band's economic and socio-economic condition.

7.   The federal government has a long-recognized policy of furthering Indian self-government. In addition to furthering tribal economic development, acceptance of the

3

Bradley Tract will advance the statutory goal of promoting Indian self-government and self-sufficiency by restoring a land base to a once-terminated Tribe.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 1st day of March 2007.

_____
James E. Cason
Associate Deputy Secretary
United States Department of the Interior
1849 C St., N.W.
Washington, D.C. 20240

4