UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHIGAN GAMBLING OPPOSITION ("MichGO"), a Michigan non-profit corporation,** )<br>)<br>)<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>**GALE NORTON, in her official Capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.**   )<br>)<br>)<br>)<br>)<br>Defendants.  )<br>——————————————————  )<br>)<br>**MATCH-E-BE-NASH-SHE-WISH BAND OF POTTAWATOMI INDIANS, a federally-recognized Indian Tribe,**   )<br>)<br>)<br>)<br>Intervenor.  )<br>——————————————————  ) | Civil Action No. 05-01181 (JGP) |

**ORDER**

Presently before the Court is **MichGO's Motion for Stay Pending Appeal under Fed. R. App. P. 8(a)(1)** [#76].[1] Plaintiff moves to preclude defendants from taking the Bradley Property into trust on behalf of intervenor until this Court's decision to grant defendants' and intervenor's dispositive Motions has been reviewed on appeal. Pl.'s Stay Memo, at 1 (arguing that "in the absence of a stay[, . . .] Defendants act to take land in trust for a tribal casino . . . will

---

[1] The Court will use the abbreviation "Pl.'s Stay Memo" when citing the accompanying Statement of Points and Authorities in Support of its Motion for Stay Pending Appeal.

effectively preclude the practical value of further judicial review."). In contrast, defendants and intervenor argue that plaintiff has failed to meet the legal standard which would warrant a stay pending an appeal of this Court ruling. The United States' Opposition to Plaintiff's Motion for Stay Pending Appeal [#77] ("Def.'s Stay Opp."), at 4; Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians' Opposition to Plaintiff's Motion for an Injunction Pending Appeal [#78] ("Intv.'s Stay Opp."), at 6-19. As fully explained below, the Court concludes that plaintiff's Motion should be granted.

## PROCEDURAL HISTORY

On February 23, 2007, the Court issued an Order [#73] granting the United States Motion to Dismiss or in the Alternative for Summary Judgment [#33], and the Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians' Motion for Judgment on the Pleadings or, in the Alternative for Summary Judgment [#32]. The Court entered an Opinion [#72] on February 23, 2007 which explained the disposition of the case.

Although it has not yet done so, plaintiff indicates that it "plans to exercise its right to appeal." Pl.'s Stay Memo, at 8. Correspondingly, defendants state that they "intend[] to take the Bradley Property into trust at **5:00 pm Eastern Standard Time, Monday, March 5, 2007**." Notice [#75], at 2 (emphasis in original).

## LEGAL STANDARD

The D.C. Circuit has stated that a trial court should *balance* the following factors in determining whether to grant or deny a motion to stay pending appellate review: (1) whether the party seeking the stay is likely to succeed on the merits; (2) whether the moving party will be

2

irreparably harmed if the stay is denied; (3) whether third parties will be harmed if the stay is denied; and (4) whether the public interest favors granting the stay. *Population Institute v. McPherson*, 254 U.S. App. D.C. 395, 797 F.2d 1062, 1078 (D.C. Cir. 1986); *accord* D.C. Circuit Handbook of Practice and Internal Procedures 39 (1987).  "[G]ranting a stay pending appeal is 'always an extraordinary remedy,' *Brotherhood of Railway and Steamship Clerks, Freight Handlers and Station Employees v. National Mediation Board*, 126 U.S. App. D.C. 55, 374 F.2d 269, 275 (D.C. Cir. 1966), and [] the moving party carries a heavy burden to demonstrate that the stay is warranted[.]" *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 988, 990 (D.D.C. 2006) (citation omitted).  Fundamentally, a court faced with such decision "must ultimately balance all equities." *Id.*

## ANALYSIS[2]

**1.     Prevailing on Appeal**

Plaintiff maintains that defendants' classification of the Bradley Property as an "initial reservation" is inconsistent with the requirements imposed by IGRA because intervenor "admits it will use the site only for commercial gambling, and *not for traditional residential purposes* . . . ." Pl.'s Stay Memo, at 2 (emphasis added).  Although the Court disagrees, plaintiff's

---

[2]     The Court can only assume that plaintiff has abandoned its Class III gaming and non-delegation doctrine arguments as grounds upon which a stay should be granted pending appeal because neither argument is raised within the instant Motion.  Consequently, the Court will only analyze (1) plaintiff's argument that defendants' classification of the Bradley Property as an "initial reservation" violates the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701 et seq., and (2) plaintiff's argument that defendants' unwillingness to issue an environmental impact statement ("EIS") violates the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq. in connection with the foregoing factors to be weighed in granting or denying a stay.

argument is nonetheless an issue of *first impression* currently before the D.C. Circuit in *CETAC v. Kempthorne, et al.*, Docket No. 06-5354 (D.C. Cir.), formally captioned *CETAC v. Norton*, 2004 U.S. Dist. LEXIS 27498 (D.D.C. April 23, 2004).

Despite the fact that the Court of Appeals conclusively ruled in *City of Roseville v. Norton*, 358 U.S. App. D.C. 282, 348 F.3d 1020, 1029 (D.C. Cir. 2003) that Congress yielded "the authority to determine whether land is a 'reservation' . . . to the Secretary [of the Interior] as of the effective date of IGRA" under the "restored lands" exception to the statute, the court has not yet addressed whether this administrative authority also extends to the "initial reservation" exception within § 20 of IGRA. There is a chance, then, that plaintiff's "initial reservation" argument will prevail on appeal because of the novelty of the issue.

Plaintiff also takes the position that defendants have violated NEPA by failing to issue an EIS, and instead issuing a finding of no significant impact ("FONSI"). Plaintiff's argument contains two parts – one procedural and one substantive. While the procedural component to plaintiff's argument appears to have no chance of prevailing on appeal, *see TOMAC v. Norton*, 369 U.S. App. D.C. 85, 433 F.3d 852, 862 (D.C. Cir. 2006) (holding that the length, complexity and controversy of an agency's Environmental Assessment ("EA") "do not by themselves show that the EAs' conclusion - 'no significant impact' - is . . . incorrect'"), there is a chance that the Court of Appeals will be receptive to plaintiff's substantive challenges to the agency's findings because it reviews this Court's ruling *de novo*. *George v. Leavitt*, 366 U.S. App. D.C. 11, 407 F.3d 405, 410 (D.C. Cir. 2005).

**2.     Irreparable Harm**

There is also a strong case to be made that plaintiff would suffer irreparable harm if this Court were to deny its Motion. In support of its position, plaintiff asserts that "the Quiet Title Act and tribal sovereign immunity may effectively preclude review of the casino's legality[.]" Pl.'s Stay Memo, at 9. Defendants and intervenor concede the point, stating:

> MichGO contends that if the Secretary is allowed to acquire the land in trust, further litigation of those claims will be barred by the interaction of the sovereign-immunity provisions of the Administrative Procedure Act, 5 U.S.C. 702(2), and the Quiet Title Act, 28 U.S.C. § 2409a(a). We understand that also to be the position of the United States, and it may well be correct. *See*, *e.g.*, *Neighbors for Rational Development, Inc. v. Norton*, 379 F.3d 956, 960-66 (10th Cir. 2004).

Intv.'s Stay Opp., at 14.

The Court is troubled by the fact that plaintiff waited until March 1, 2007 to seek a stay although it was aware of the Court's adverse ruling on February 23, 2007. Nonetheless, the D.C. Circuit should have a chance to review any appeal brought by plaintiff from the decision entered in this case because of the *imminent* nature of the agency action. *See Chaplaincy of Full Gospel Churches v. England*, 372 U.S. App. D.C. 94, 454 F.3d 290, 297 (D.C. Cir. 2006) (explaining that an injury is imminent when "there is a 'clear and present' need for equitable relief to prevent irreparable harm[.]"). Moreover, the Court notes the pending appeal in *CETAC*.

Indeed, defendants have reinforced the Court's conclusion regarding imminence by indicating their unwillingness, without *immediate* judicial intervention, to relent from the following position:

> The Secretary intends to complete the acquisition of the land into trust on March 5, 2007 at 5:00 pm.

Def.'s Stay Opp., at 2. Thus, this factor also weighs heavily in plaintiff's favor.

**3.    Harm to Others**

However, upon review of the extensive record in this case, it appears that intervenor, a historically oppressed tribe, has suffered and will continue to suffered every day that the litigation continues.  The Court is certainly sensitive to this fact.  Notwithstanding, because the "initial reservation" issue under § 20 of IGRA is newly before the Court of Appeals, and plaintiff's substantive challenges to the EA will be reviewed, the guiding principles of due process and fairness dictate that the Court should grant a stay pending an appeal of its ruling. *Cf.*, *e.g.*, *Yamaha Corp. of America v. United States*, 295 U.S. App. D.C. 158, 961 F.2d 245, 254 (D.C. Cir. 1992) (courts should avoid "work[ing] a basic unfairness to [either] party . . . .").

**4.    Public Interest**

The Court is very aware of the competing interests in this case.  On one hand, there is a tribe saddled with staggering rates of unemployment.  On the other, there are many homeowners who fear that the introduction of a casino into their community will cause irreparable harm.  However, the Court concludes that the public interest is best served by granting the stay pending an appeal of its ruling, which will bring both finality and certainty to the preceding questions of law.

Accordingly, and for good cause shown, it is hereby

**ORDERED** that MichGO's Motion for Stay Pending Appeal under Fed. R. App. P. 8(a)(1) is **GRANTED**.  It is further

**ORDERED** that defendants are stayed from taking the land into trust until the merits of MichGO's claims have been decided on  appeal by the United States Court of Appeals for the

District of Columbia Circuit.  This stay is binding upon defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.  And it is further

**ORDERED** that plaintiff is not required to post bond.


**Date: March 5, 2007**                                                                                    **JOHN GARRETT PENN**
                                                                                                           **United States District Court**

**Time:1:39 pm**

**Amendment Filed: 4:21 pm**